IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| C. J. Printing, Inc., | Civil Action No. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Southern Marsh Collection, LLC, | |
| Defendant. | JURY TRIAL DEMANDED |

Plaintiff C. J. Printing, Inc., for its Complaint against the Defendant, alleges:

## THE PARTIES

1. Plaintiff is a South Carolina corporation with a principal place of business located at 360 College Avenue, Clemson, South Carolina.

2. Upon information and belief, Defendant is a Louisiana limited liability company with a principal place of business located at 2507 Highland Road, Baton Rouge, Louisiana.

## NATURE OF ACTION

3. This action arises under 15 U.S.C. § 1051 et seq. and 28 U.S.C. § 2201.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under the Federal Trademark Act) and 28 U.S.C. §§ 1331 (federal question), 1338 (trademarks and unfair competition), and 2201 (declaratory judgments).

1

5. The Defendant conducts and transacts business in South Carolina, contracts in South Carolina to supply goods to South Carolinians, and enters into contracts to be performed in whole or in part by either party in South Carolina, and thus confers this Court with jurisdiction over the Defendant pursuant to the South Carolina Code of Laws, including S. C. Code Ann. §§ 36-2-802 and 36-2-803.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c) and (d) in that Defendant conducts business in this District, a substantial part of the events giving rise to the claims occurred in this District, and Defendant is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

7. Among other things, Plaintiff sells apparel. Some of Plaintiff's apparel has borne the likeness of a duck in repose, such as the following:



8. Defendant has asserted that the overall appearance of Plaintiff's goods is confusingly similar to the overall appearance of Defendant's products and trademarks.

9. Defendant has further asserted that Plaintiff's products resemble Defendant's products and are likely to confuse consumers as to the affiliation, connection, or association of Plaintiff's products with Defendant, or as to the origin, sponsorship, or approval of Plaintiff's products.

10. Defendant has also asserted that Plaintiff's use of the mark SOUTHERN FRIED in conjunction with a duck likeness creates a likelihood that consumers and retailers will believe Defendant's goods originate from Plaintiff.

11. Defendant has also asserted that Plaintiff has offered for sale, advertised, and sold its products in bad faith and with the intent to benefit from Defendant's goodwill and reputation in the relevant market, to deceive the public as to the source or origin of Plaintiff's products, and to profit from the demand created by Defendant's products.

12. Defendant has asserted that Plaintiff's use of a duck likeness infringes Defendant's trademarks, including U. S. Reg. Nos. 4,494,173, 4,375,212, 4,358,005, and 4,513,656.

13. Defendant has also asserted that Plaintiff's use of a duck likeness is likely to cause confusion, to cause mistake, or to deceive the consuming public, in violation of 15. U.S.C. § 1114.

14. Defendant has also asserted that Plaintiff's use of a duck likeness intentionally, willfully, and maliciously trades on goodwill associated with Defendant's trademarks, and was designed to.

3

15. Defendant has further asserted that Plaintiff's use of a duck likeness has damaged Defendant.

16. Defendant has also asserted that Plaintiff has engaged in conduct that constitutes false advertising, a false designation of origin, a false or misleading description of fact, a false or misleading representation of fact tending wrongfully and falsely to describe or represent a connection between Defendant's and Plaintiff's goods, and an infringement of Defendant's trademark rights in violation of 15 U.S.C. § 1125(a).

17. Defendant has further asserted that Plaintiff is passing off its goods as those of Defendant, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Plaintiff's goods, causing a likelihood of confusion as to Plaintiff's affiliation, connection, or association with Defendant, and otherwise damaging the public.

18. Defendant has also accused Plaintiff of unfair and deceptive trade practices.

19. Defendant has further accused Plaintiff of unfair competition.

20. Defendant has asserted that Plaintiff's actions have diluted Defendant's marks.

21. Defendant's assertions and accusations, including those outlined in Paragraphs 8 through 20 hereinabove, were made in litigation Defendant has commenced against Plaintiff, entitled, "Southern Marsh Collection, LLC, Plaintiff, versus C. J. Printing, Inc. (d/b/a Southern fried Cotton," United States District Court, Middle District of Louisiana, civil action number 3:14-cv-495.

## **CAUSE OF ACTION**

### **(Declaratory Judgment for Non-Infringement of Trademarks)**

22. The allegations of paragraphs 1 through 12 are incorporated by reference as if fully set forth herein.

23. Under all the circumstances, there is an actual and substantial controversy between Plaintiff and Defendant, Plaintiff and Defendant having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

24. Plaintiff seeks a declaratory judgment from this Court that:

   a. Plaintiff's use of its duck likeness is not confusingly similar to the overall appearance of Defendant's products and trademarks; and

   b. Plaintiff's products do not resemble Defendant's products and are not likely to confuse consumers as to the affiliation, connection, or association of Plaintiff's products with Defendant, or as to the origin, sponsorship, or approval of Plaintiff's products; and

   c. Plaintiff's use of the mark SOUTHERN FRIED in conjunction with a duck likeness does not create a likelihood that consumers and retailers will believe Defendant's goods originate from Plaintiff; and

   d. Plaintiff has not offered for sale, advertised, and sold its products in bad faith or with the intent to benefit from and goodwill and reputation of the Defendant in the relevant market, has not deceived the public as to the source or origin of Plaintiff's products, and has not profited from demand created by Defendant's products; and

   e. Plaintiff has not infringed any trademarks owned by Defendant; and

f.  Plaintiff's products are not likely to cause confusion, to cause mistake, or to deceive the consuming public; and

g.  Plaintiff has not traded on goodwill associated with Defendant's trademarks; and

h.  Plaintiff has not caused any actionable damage to the Defendant; and

i.  Plaintiff has not engaged in conduct that constitutes false advertising, a false designation of origin, a false or misleading description of fact, a false or misleading representation of fact tending wrongfully and falsely to describe or represent a connection between Defendant's and Plaintiff's goods, or an infringement of Defendant's trademark rights in violation of 15 U.S.C. § 1125(a); and

j.  Plaintiff is not passing off its goods as those of Defendant, or causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Plaintiff's goods, or causing a likelihood of confusion as to Plaintiff's affiliation, connection, or association with Defendant, or otherwise damaging the public; and

k.  Plaintiff has not engaged in unfair or deceptive trade practices as to the Defendant; and

l.  Plaintiff has not engaged in unfair competition with the Defendant; and

m.  Plaintiff's actions have not diluted Defendant's marks

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

a.  For a declaratory judgment that:

i. Plaintiff's use of its duck likeness is not confusingly similar to the overall appearance of Defendant's products and trademarks; and

ii. Plaintiff's products do not resemble Defendant's products and are not likely to confuse consumers as to the affiliation, connection, or association of Plaintiff's products with Defendant, or as to the origin, sponsorship, or approval of Plaintiff's products; and

iii. Plaintiff's use of the mark SOUTHERN FRIED in conjunction with a duck likeness does not create a likelihood that consumers and retailers will believe Defendant's goods originate from Plaintiff; and

iv. Plaintiff has not offered for sale, advertised, and sold its products in bad faith or with the intent to benefit from and goodwill and reputation of the Defendant in the relevant market, has not deceived the public as to the source or origin of Plaintiff's products, and has not profited from demand created by Defendant's products; and

v. Plaintiff has not infringed any trademarks owned by Defendant; and

vi. Plaintiff's products are not likely to cause confusion, to cause mistake, or to deceive the consuming public; and

vii. Plaintiff has not traded on goodwill associated with Defendant's trademarks; and

viii. Plaintiff has not caused any actionable damage to the Defendant; and

    ix.    Plaintiff has not engaged in conduct that constitutes false advertising, a false designation of origin, a false or misleading description of fact, a false or misleading representation of fact tending wrongfully and falsely to describe or represent a connection between Defendant's and Plaintiff's goods, or an infringement of Defendant's trademark rights in violation of 15 U.S.C. § 1125(a); and

    x.    Plaintiff is not passing off its goods as those of Defendant, or causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Plaintiff's goods, or causing a likelihood of confusion as to Plaintiff's affiliation, connection, or association with Defendant, or otherwise damaging the public; and

    xi.    Plaintiff has not engaged in unfair or deceptive trade practices as to the Defendant; and

    xii.    Plaintiff has not engaged in unfair competition with the Defendant; and

    xiii.    Plaintiff's actions have not diluted Defendant's marks

b.    Awarding such other and further relief as this Court may deem just and proper.

/
/
/
/

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | NEXSEN PRUET, LLC |
| September 15, 2014 | *s/ Timothy D. St.Clair*<br>Timothy D. St. Clair (Fed. ID # 4270)<br>Amy Allen Hinson (Fed. ID # 11703)<br>P. O. Drawer 10648<br>Greenville, South Carolina 29603<br>Telephone: (864) 282-1181<br>Facsimile: (864) 477-2634<br>E-Mail:  tstclair@nexsenpruet.com |
|  | ATTORNEYS FOR PLAINTIFF |

9